

Entered on Docket
July 17, 2009

_____
Hon. Bruce A. Markell
United States Bankruptcy Judge

KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
302 E Carson Ave, Suite 300
Las Vegas, NV 89101
(702) 853-0700
kal13mail@las13.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

IN RE:
AUDREY S HASEMANN

CHAPTER 13
CASE NO: BKS-08-24207-BAM

Hearing Date: 6\11\09
Hearing Time: 1:30 pm

### ORDER CONFIRMING THE DEBTOR(S) PLAN # 1 and AWARDING FEES TO THE DEBTOR(S) ATTORNEY

The confirmation of the Debtor's Plan and the allowance of Debtor attorney fees, having come on for hearing before the United States Bankruptcy Court, and there appearing the Chapter 13 Trustee or designee and other appearances were_____
_____and with good cause appearing, it is hereby

ORDERED that any Objections to Confirmation have been resolved, and it is further

ORDERED that the Court finds that Debtor(s) have filed all documentation required by 11 U.S.C. § 521(a)(1) and the requirements for Confirmation pursuant to 11 U.S.C §1325 have been met; and it is further

ORDERED that the CHAPTER 13 PLAN # 1, attached hereto, is confirmed; it is further

ORDERED that, pursuant to 11 U.S.C. § 330, the fees in the amount of $5,074.00 of which $1,174.00 was paid to such attorney prior to the filing of the petition and the balance of $3,900.00 which shall be paid by the Trustee pursuant to the Plan, shall be ☐ approved, or ☐ approved after a separate notice and hearing.

Submitted by:

/s/Kathleen A. Leavitt
CHAPTER 13 BANKRUPTCY TRUSTEE

Approved/Disapproved:

_____
PHILIP K GOLDSTEIN ESQ
609 S Seventh St,
Las Vegas, NV 89101

Rev 12/8/2006

Philip K. Goldstein, Attorney for Debtor(s)
Nevada Bar No. 4275
LAW OFFICES OF PHILIP K. GOLDSTEIN, LTD.
609 South Seventh St. Las Vegas, NV 89101
(702) 388-2004

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In Re:                                      ) BKS-08- 24207
    AUDREY S. HASEMANN,           ) CHAPTER 13 PLAN# 1
                                            ) Plan Mod. (X) NA ( ) Before ( ) After Conf.
                                            ) Pre-Confirmation Hearing     Confirmation Hearing
                                            ) DATE: 2-19-09                DATE: 2-19-09
             Debtor(s)       ) TIME:  8:30                  TIME:  1:30

### CHAPTER 13 PLAN                                                                 0107

YOU ARE HEARBY NOTIFIED THAT THIS PLAN WILL BE CONSIDERED FOR APPROVAL AT THE CONFIRMATION HEARING DATE SET FORTH ABOVE. THE FILING AND SERVING OF WRITTEN OBJECTIONS TO THE PLAN SHALL BE MADE IN ACCORDANCE WITH BR 3015(f), 9014 & LBR 9014(e).

**Debtors propose following Ch 13 Plan with determination of interest rates which shall be effective from date it's confirmed**

**SUMMARY OF PLAN'S PAYMENT SCHEDULE:**

                                                    **Amount**

   A.   $ 1148 per month for ~~60~~ 12 months. (beg. 12/26/2008).    $ ~~68,880~~ 13776
        $ ~~2543~~ 2543 per month for 48 months (beg. 12/26/2009).       $ 122,064
   B.   Non-monthly payments:
       Source:_____
   C.   Total Plan payments                                       $ ~~68,880~~ 135840

**Means Test.** Debtor(s) has completed Form B22C - Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.
**Commitment period.** The applicable commitment period is [ ] 3 years or [X] 5 years. Monthly Plan payments must continue for the entire commitment period unless all unsecured claims are paid in full in a shorter period of time, pursuant to sec. 1325(b)(4)(B). If the applicable commitment period is 3 years, Debtor(s) may make monthly payments beyond the commitment period as necessary to complete this Plan, but in no event shall monthly payments continue for more than 60 months.
**Calculation of Disposable Income.** The Debtor(s) is [ ] under or [X] over median income. Payments to the trustee shall be paid first to debtor's attorney fees. Payment to general non-priority unsecured creditors shall be paid based upon either: [ ] The Debtor(s) has calculated that the monthly disposable income of $ 1775 multiplied by the applicable commitment period of 60 months equals $ _____ ; OR [ ] in accordance with the surplus identified in debtor's schedules I and J.   $106,500
**Liquidation value Pursuant to sec. 1325(a)(4).** The liquidation value of this estate is $ 0 . Liquidation value is calculated as the value of all excess non-exempt property after the deduction of valid liens and encumbrances and before the deduction of trustee fees and priority claims. The liquidation value is derived from the following non-exempt assets:_____.

1

**Projected Disposable Income.** The Debtor(s) propose(s) to pay either projected disposable income for the applicable commitment period, or in accordance with the surplus identified in debtor's schedules I and J.
**Future Earnings.** The future earnings of Debtor(s) shall be submitted to the supervision and control of Trustee as is necessary for execution of the Plan.
**Tax Refunds.** Debtor(s) shall turn over to the Trustee and pay into the Plan annual tax refunds for tax years (except for any exempt Earned Income Tax Credit earned or received during the pendency of this bankruptcy.
20_09_ , 20_10_ , 20_11_ . 20_12_, 20_13_.
**Election to pay claims.**
[ ] 100% of all filed and allowed non-priority unsecured claims shall be paid by Trustee pursuant to this Plan.
[ ] General unsecured creditors will be paid interest at rate of _____%. (Check this box and insert rate of interest if Debtor(s) estate is solvent under sec. 1325(a)(4)).
**Statement of Eligibility to Receive Discharge.**
Debtor _Audrey Hasemann_____ is [X]   is not [ ] eligible to receive Chapter 13 discharge pursuant to sec.1328 upon completion of all Plan obligations.
Debtor _____ is [X]   is not [ ] eligible to receive Chapter 13 discharge pursuant to sec.1328 upon completion of all Plan obligations.

**CLAIMS PAID BY TRUSTEE:**
    **Attorney's Fees.** Pre-petition Attorney Compensation Paid:    $ 900
        Filing fee paid:    $ 274
        BALANCE OF ATTORNEY FEES TO BE PAID THRU PLAN:    $ 3,900
        Estimated additional attorney fees & costs:    $ 2,100
        TOTAL FEES TO BE PROVIDED FOR IN PLAN:    $ 6,000
    **Other Administrative Fees.** _____:    $_____
        _____:    $_____

**CLASS 1.    Secured claims for real estate loans and/or real property taxes that were current when the petition was filed.** At the time of the filing of the petition, Debtor(s) was current on all CLASS 1 claims. Debtor(s) shall pay the ongoing contract installment payments on each CLASS 1 claim for real estate loans and/or real property taxes due after the filing of the petition as listed below:
    **Creditor Name:** _ASC_____    Collateral: _STRIPPING_____
    Contractual direct monthly payment:   $_____    Maturity date: _STRIPPING_
    **Creditor Name:**_____    Collateral:_____
    Contractual direct monthly payment:   $_____    Maturity date: _____

**CLASS 2. Secured claims for real estate loans, real property taxes, homeowners association and public utilities that were delinquent when the petition was filed.** The Trustee shall pay each CLASS 2 pre-petition arrearage claim in full in equal monthly installments after all administrative claims are paid. Class 1 claims are not modified by this Plan and shall retain its existing liens until paid in full..
    **Creditor Name:** _ASC_____    Collateral: _HOME_____    Arrearage:    $ ~~6000~~ 9791 [initials]
        Interest Rate:_____    Interest:    $_____
    Contractual direct monthly payment:    $ 2448_____    Maturity date: _2025_____
    **Creditor Name:**_____    Collateral:_____    Arrearage:    $_____
        Interest Rate:_____    Interest:    $_____
    Contractual direct monthly payment:    $_____    Maturity date: _____
    **Creditor Name:**_____    Collateral:_____    Arrearage:    $_____
        Interest Rate:_____    Interest:    $_____
    Contractual direct monthly payment:    $_____    Maturity date: _____

**CLASS 3.** <u>Secured claims that are modified by this Plan or that mature before the Plan is completed.</u> Each Class 3 claim will be paid in full by the Trustee. The creditor shall retain its existing lien and receive payments in equal monthly amounts as specified below. This section shall be used to specify Adequate Protection Payments. A modification, or "cram-down" is not allowed if the claim is secured by a purchase money security interest incurred within 910 days of the filing of the petition.

    **Creditor Name:**_____ Collateral:_____ Fair mkt value:    $_____
                                                  Interest Rate:_____ Interest:              $_____
         **Total claim:**_____ /60 mos. = Monthly min. payment: $_____
    **Creditor Name:**_____ Collateral:_____ Fair mkt value:    $_____
                                                  Interest Rate:_____ Interest:              $_____
         **Total claim:**_____ /60 mos. = Monthly min. payment: $_____

**CLASS 4.** <u>Secured claims (not modified) for personal property that were delinquent when the petition was filed including 910 PMSI motor vehicle or any other thing of value if debt was incurred within 1 year of filing.</u> These claims are not modified by this Plan and may mature before or after the last payment under this Plan. Debtor(s) or a third party shall pay the monthly contract installments on CLASS 4 claims as they come due whether or not the Plan is confirmed and such payment shall constitute adequate protection as required by sec. 1326(a)(1)(C). Trustee shall pay each CLASS 4 pre-petition claim for arrears. Creditor shall retain its existing lien.

    **Creditor Name:**_____ Collateral:_____ Arrearage:     $_____
                                    Interest Rate:_____ Interest:            $_____
  **Contractual direct monthly payment:** $_____ Maturity date:_____
         **Total claim:**_____ /60 mos. = Monthly min. payment: $_____
    **Creditor Name:**_____ Collateral:_____ Arrearage:     $_____
                                               Interest Rate:_____ Interest:           $_____
  **Contractual direct monthly payment:** $_____ Maturity date:_____
         **Total claim:**_____ /60 mos. = Monthly min. payment: $_____

**CLASS 5.** <u>Secured claims that are satisfied in full by the surrender of collateral.</u> As to personal property secured claims, Debtor(s) shall surrender the collateral to the creditor not later than 10 days after confirmation of this Plan. As to real property secured claims, the entry of the confirmation order shall constitute an order modifying the automatic stay to allow holder of CLASS 5 secured claim to exercise its remedies under applicable non-bankruptcy law.

    **Creditor Name:**_____ Collateral:_____ Estimated deficiency: $_____
    **Creditor Name:**_____ Collateral:_____ Estimated deficiency: $_____

**CLASS 6.** <u>Secured claims paid directly by Debtor(s) or third party (other than ongoing real estate mortgage payments.</u> CLASS 6 claims mature before or after the completion of this Plan, are not in default, and are not modified by this Plan which may include 910 motor vehicle claims and 1 year personal property claims.

    **Creditor Name:**_____     Collateral:_____
    Contractual direct monthly payment:     $_____     Maturity date: _____
    **Creditor Name:**_____     Collateral:_____
    Contractual direct monthly payment:     $_____     Maturity date: _____

**CLASS 7.** <u>Priority unsecured</u> claims pursuant to sec. 507 and sec. 1322.(Taxes/support)
    **Creditor Name:**_____ Claim type:_____ Claim amount: $_____
    **Creditor Name:**_____ Claim type:_____ Claim amount: $_____
        Interest due on delinquent support:   Int. rate: ____% Interest amount:     $_____

3

**CLASS 8.**     **Section 1305 Post-Petition Claims.**   This class includes but is not limited to taxes that become payable to a government unit while the case is pending.
   **Creditor Name:**_____   Claim type:_____   Claim amount: $_____
   Interest due on delinquent support:   Int. rate: _____%   Interest amount:       $_____

**CLASS 9.**     **Special class unsecured claims.**   This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full
   **Creditor Name:**_____   Claim type:_____   Claim amount: $_____

**CLASS 10.**     **General non-priority unsecured claims.**   After payment to CLASS 9 creditors, the Trustee will pay to the creditors with allowed general non-priority unsecured claims a pro-rata share of approximately $ ~~50,040~~ $10,3416 /m/

**EXECUTORY CONTRACTS & UNEXPIRED LEASES.**   Debtor(s) assumes or rejects the executory contracts and unexpired leases listed below.  Debtor(s) shall pay directly all required contractual post-petition payments.  Any executory contract or unexpired lease not listed in this Plan is rejected.  Entry of the confirmation order modifies the automatic stay to allow the non-debtor party to a rejected unexpired lease to obtain possession of the leased property.
   Lessor:_____   Collateral:_____
      [ ] Assume   Payment: $ _____/month   Months remaining: _____
      [ ] Reject:   Collateral returned to creditor? _____

**PLAN TOTALS:**
   **TOTAL CLAIMS PAID BY TRUSTEE:**                              $ ~~62,040~~ 122256 /m/
   **TRUSTEE COMPENSATION:** (Not to exceed 10%)                  $ ~~6,840~~ 13584
   **TOTAL PLAN PAYMENTS TO TRUSTEE**                             $ ~~68,880~~ 135840

**ADDITIONAL PROVISIONS**
**Proofs of Claim**.
   A Proof of Claim must be timely filed by or on behalf of a priority or general non-priority unsecured creditor before a claim will be paid pursuant to this Plan.
   A secured real estate mortgage creditor shall be paid directly by the Debtor(s) for all post-petition payments as they become due, whether or not a Proof of Claim is filed.  Pre-petition claims of a secured real estate mortgage creditor will not receive any payments from the Trustee unless a Proof of Claim has been filed.
   A CLASS 3 or 4 secured creditor must file a Proof of Claim before a claim will be paid pursuant to Plan.
   Pursuant to sec. 507(a)(1), payments on domestic support obligations (DSO) and payments on loans from retirement or thrift savings plans of the type described in sec. 362(b)(19) falling due after the filing of the petition shall be paid by Debtor(s) directly whether or not a proof of claim is filed or the Plan is confirmed, unless agreed otherwise.
   A Proof of Claim, not this Plan or schedules, shall determine amount and classification of a claim.  Pursuant to sec. 502(a) such claim or interest is deemed allowed unless objected to and the Court determines otherwise.
   **Claims provided for by the Plan** - If a claim is provided for by this Plan and a proof of claim is filed, payments shall be based upon the claim unless the Court enters a separate Order determining (i) value of the creditor's collateral; (ii) rate of interest; (iii) avoidance of a lien; (iv) amount of claim, or (v) classification of a claim.  If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan or such other Order of the Court which establishes the rate of interest.
   **Claims not provided for by the Plan** - If a claim is not provided for by this Plan and a Proof of Claim is filed, no payment will be made to the claimant by the Trustee or the Debtor(s) until such time as the Debtor(s) modify the Plan to provide for payment of the claim.  Such claim or interest is deemed allowed unless objected to

4

and the Court determines otherwise. If no action is taken by the Debtor(s), the Trustee may file a Motion to Dismiss the case or a Trustee's Modified Plan.

**Fees and Administration Expenses.**

   **Trustee's fees.** Trustee fees shall be calculated at 10% of payments made under the Plan, whether made before or after confirmation, but excluding payments made directly by Debtor(s), as provided for by the Plan, to CLASS 1, CLASS 2 or Class 6 creditors or pursuant to an executory contract or unexpired lease.

   **Compensation of Former Chapter 7 Trustee.** Payment of compensation of the type described in sec. 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to non-priority unsecured creditors divided by the length of the Plan, each month for the duration of the Plan.

   **Administrative expenses.** Except to the extent the claimant agrees to accept less, and unless section sec. 1326(b)(3)(B) is applicable, approved administrative expenses other than Trustee's fees and Debtor(s) attorney fees shall be paid in full.

   **Debtor's attorney's fees.** The debtor(s) attorney's fees, costs and filing fees in this case through Confirmation of the Plan shall be: $**4800**. The sum of $**900** has been paid to the attorney prior to filing petition. The balance of $**3900** shall be paid through the Plan. If fees and costs stated above are in excess of 16 Hours X $300 (hourly rate), plus $274 filing fee, then such costs and fees must be approved by the Court. However, all fees are subject to review and approval by the Court. Attorney's fees are paid though the Plan in accordance with section entitled: **Payment of Claims, Administrative Fees and Costs and Distribution of plan payment.** It is contemplated that Debtor(s) will continue to utilize services of their attorney to completion of Plan or until the attorney is relieved by Order of the Court. Debtor(s) may incur additional attorneys fees post-confirmation estimated in the amount of **$1,000**. Such additional estimated attorneys fees are included in this Plan for payment by the Trustee and do not render the Plan infeasible. Any additional attorney's fees and costs after confirmation must be paid through the Plan only after approval of the Court.

**Payment of Claims, Administrative Fees and Costs, and Distribution of plan payment.**

   After confirmation of this Plan, Trustee shall pay as funds are available in the following order unless stated otherwise: Trustee's fees; adequate protection payments until confirmation; administrative expenses including attorney's fees; pre-petition CLASS 2 claims, CLASS 3 and CLASS 4 secured claims as provided for in the Plan; CLASS 7 priority claims until paid in full; CLASS 8 sec. 1305 post-petition claims; CLASS special class unsecured claims; and CLASS 10 general non-priority unsecured claims.

   The portion of the monthly plan payment allocated for administrative expenses shall be distributed first on account of the monthly dividend due to a former chapter 7 Trustee, then to holders of remaining administrative expenses. When all administrative expenses have been paid, monthly projected disposable income shall be distributed pro rata, first to holders of Class 7 unsecured claims and then to holders of Classes 8 & 9 unsecured claims.

**Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed CLASS 3 claim secured by a purchase money security interest in personal property an adequate protection payment as required by sec. 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed and payment has been provided for in this Plan. Adequate protection payments shall be disbursed by the Trustee in connection with the customary disbursement cycle beginning the month after the petition is filed. The Creditor shall apply adequate protection payments to principal and interest consistent with this Plan.

**Vesting of property.** Any property of the estate scheduled under section 521 shall revest in the Debtor(s) until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**Debtor(s)' Duties.** In addition to the duties imposed upon Debtor(s) by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this Plan imposes the following additional requirements on Debtor(s):

(a) **Transfers of Property and New Debt.** Debtor(s) is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal property with a value of $1,000 or more, or real property with a value of $5,000 or more, without first obtaining court authorization. Debtor(s) shall not incur aggregate new debt exceeding $1,000

5

without first obtaining court authorization. A new consumer debt of less then $1,000 shall not be paid though this Plan absent compliance with sec 1305(c).

(b) **Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor(s) shall provide evidence of that insurance as required by section 1326(a)(4).

(c) **Compliance with applicable non-bankruptcy law.** Debtor(s)' financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes.

(d) **Periodic reports.** The Debtor(s) shall provide Trustee with a copy of any personal federal tax return filed while the case is pending accompanied by W-2 forms and 1099 forms.. Upon Trustee's request, Debtor(s) shall provide Trustee with other tax returns filed while the case is pending and quarterly financial information regarding Debtor(s)' business or financial affairs.

(e) In addition to the documents required by the Bankruptcy Code and Local Rules, Debtor(s) shall provide to Trustee no later then the first date set for the 341 meeting: (1) written notice of the name and address of each person to whom the Debtor(s) owes a domestic support obligation together with the name and address of the relvant State child support enforcement agency, (2) a wage order if requested by Trustee, and (3) IRS Form 8821 and IRS Form 4506.

(f) **Documents required by Trustee prior to Debtor(s)' Discharge.** Within 30 days of completion of the Plan, the Debtor(s) shall provide in writing to the Trustee: (1) the name and address of each person to whom the Debtor(s) owes a domestic support obligation at that time together with the name and address of the relevant State child support enforcement agency, (2) current address of the Debtor(s), (3) name and address of Debtor(s)' current employer,
(4) name of each creditor whose claim was not discharged under 11 U.S.C. 523(a)(2), (5) the name of each creditor whose claim was reaffirmed under 11 U.S.C. 524(c), and (6) certificate of completion of an instructional course in Personal Financial Management.

**Remedies on default.** If Debtor(s) defaults in the performance of this Plan, or if the Plan will not be completed in 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local BK Rule 9014. This relief may consist of, without limitation, dismissal of case, conversion of the case to Chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the Court terminates the automatic stay to permit a creditor to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further distribution to such secured claim. *Any deficiency claim remaining after the disposition of the collateral shall be classified as a CLASS 10 unsecured claim provided a proof of claim or amended proof of claim is timely filed and served on Debtor(s) and Trustee. Such deficiency claim shall be paid prospectively only. Chapter 13 plan payments previously disbursed to the holder of other allowed claims shall not be recovered by the Trustee to provide a pro rata distribution to the holder of any such deficiency claim.*

**Creditors shall release lien on titles when paid pursuant to sec. 1325(a)(5)(B).** A holder of a claim shall retain its lien until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under sec. 1328; and if the case under this chapter is dismissed or converted without completion of the Plan, such liens shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law. After either one of the foregoing events has occurred, creditor shall release its lien and provide evidence and/or documentation of such release within 30 days to the Debtor(s).

**Plan Payment Extension Without Modification.** If the Plan term does not exceed 60 months, and CLASS 2, CLASS 4, CLASS 7, CLASS 8, and CLASS 9 claims are filed in amounts greater than the amounts specifically stated herein, Debtor(s) authorizes the Trustee to continue to make payments to creditors beyond the term of the Plan, such term not to exceed 60 months. The Debtor(s) shall continue to make plan payments until the claims, as filed, are paid in full or the Plan is otherwise modified.


DATED:  November 26, 2008      /S/ Audrey Hasemann       /S/ _____
                               **DEBTOR**                **JOINT DEBTOR**


6

###